IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TRISTA BEARY**, | Case No. 2:22-CV-1800 |
| Plaintiff, | |
| v. | JURY TRIAL DEMANDED |
| **KNOX AREA VOLUNTEER AMBULANCE COMPANY**, | |
| Defendant. | |

## COMPLAINT

NOW COMES Plaintiff, Trista Beary, by and through her attorney, David Manes, Esq., of Manes & Narahari LLC, and files this Complaint alleging as follows:

### Summary

1. Plaintiff brings this Complaint to recover damages under Title VII of the Civil Rights act of 1964 ("Title VII") 42 U.S.C. § 2000e *et seq*. and the Pennsylvania Human Relations Act ("PHRA") 43 Pa. Cons. Stat. § 951, *et seq*. Plaintiff alleges that she was discriminated against for her sex (female) under Title VII and PHRA.

### Jurisdiction and Venue

2. This Action arises under and Title VII. This Court has jurisdiction over Plaintiff's discrimination claims pursuant to 28 U.S.C. § 1331.

3. Plaintiff is a resident and citizen of Pennsylvania, and a substantial part of the events giving rise to the claims occurred in Western Pennsylvania. Therefore, this action is within the jurisdiction of the United States District Court for the Western District of Pennsylvania, and the venue is proper pursuant to 28 U.S.C. § 1391(b).

4. Plaintiff filed a timely charge with the Equal Employment Opportunity Commission ("EEOC") regarding her allegations under Title VII on September 22, 2021. *See Exhibit 1*.

5. Plaintiff was mailed a Notice of Right to Sue from the EEOC on September 19, 2022. This complaint has been filed within ninety (90) days of the Plaintiff's receipt, thus making this action timely. *See Exhibit 2*.

## Parties

6. Trista Beary ("Plaintiff") is an adult individual with a primary residence located at 4106 Piney Dam Road, #20, Clarion, PA 16214.

7. Defendant, Knox Area Volunteer Ambulance Company ("Defendant"), is a non-profit corporation with a registered office located at 342 N. Main Street, Knox, PA 16232.

## Facts

8. Plaintiff began working for Respondent around July of 2019 as an EMT.

9. Plaintiff was very successful in her position.

10. On or about May 21, 2021, Plaintiff complained to Defendant about John Greenaway regarding sexual harassment in the workplace.

11. While Plaintiff was standing at a printer, Mr. Greenaway placed his right hand in the left pockets of Plaintiff's cargo pants.

12. Plaintiff asked Mr. Greenaway to remove his hand from her pocket and told Mr. Greenaway that his actions made her feel uncomfortable.

13. Defendant investigated Plaintiff's complaint against Mr. Greenaway. During the investigation, Mr. Greenaway denied placing his right hand in Plaintiff's pockets.

14. Defendant did not take any disciplinary action against Mr. Greenaway because there was allegedly no evidence to support Plaintiff's claim and there were no witnesses to the incident.

15. Defendant assured Plaintiff it would do its best to not schedule Mr. Greenaway and Plaintiff to work together, but could not promise that Mr. Greenaway would not be assigned to work the same shift as Plaintiff.

16. On Saturday, June 12, 2021, a message was sent out to employees of Defendant to inform them that Mr. Greenaway had resigned and coverage was needed for his previously scheduled shifts.

17. In or around August 2021, Mr. Greenaway returned to work for Defendant with a raise in his pay.

18. As a result, Plaintiff's hours were cut in order to accommodate Mr. Greenaway on the Defendant's schedule on or around August 2, 2021.

19. On or about August 9, 2021, Plaintiff resigned from her position because she did not feel safe working around Mr. Greenaway.

20. During the time between when Mr. Greenaway resigned and was later rehired, he remained in the Defendant's computer records system. He continued to receive schedule notifications regarding Defendant's business and the door code that granted access to Defendant's facilities was not changed after Mr. Greenaway resigned.

21. Plaintiff was removed from the Defendant's computer records system the day after her resignation.

22. On or about September 8, 2021, Plaintiff reapplied to work for Defendant but was denied re-employment because she had complained about sexual harassment.

## COUNT I
## Sexual Harassment in Violation of Title VII

23. The averments contained in the preceding paragraphs are incorporated herein as though set forth at length.

24. Title VII "makes it unlawful for an employer 'to discriminate against any individual with respect to his [or her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.'" *Mufti v. Aarsand & Co., Inc.*, 667 F. Supp. 2d 535, 544 (W.D. Pa. 2009) (citing *Kunin v. Sears Roebuck and Co.*, 175 F.3d 289, 293 (3d Cir.1999)).

25. Title VII prohibits employers from subjecting employees to disparate treatment because of sex. To establish a *prima facie* case of employment discrimination under Title VII, a plaintiff must show:

   1. "She is a member of a protected class;
   2. She was qualified for the position he sought to attain or retain;
   3. She suffered an adverse employment action; and
   4. The action occurred under circumstances that could give rise to an inference of intentional discrimination." Trapani v. Greatwide Logistics Services, LLC, 487 Fed. Appx. 21, 23–24 (3d Cir. 2012) (unpublished) (citing Makky v. Chertoff, 541 F.3d 205, 214 (3d Cir. 2008)).

26. Here, Plaintiff is a member of a protected class because she is female.

27. Plaintiff was qualified for her role with Defendant because she was able to, and, in fact, did, perform the essential functions of his job.

28. Plaintiff suffered an adverse employment action in the form of termination on September 8, 2021, following a situation where she was denied suitable work.

29. This incident also follows a long period of disparate treatment of Plaintiff.

30. The foregoing misconduct by defendant was undertaken with malice and/or reckless indifference to Plaintiff's rights protected under federal law to be free from discrimination.

## COUNT II
### Sexual Harassment in Violation of the PHRA

31. The averments contained in the preceding paragraphs are incorporated herein as though set forth in length.

32. Defendant constitutes as an employer within the meaning of the PHRA.

33. Plaintiff was an employee of Defendant within the meaning of the PHRA.

34. The analytical framework used to evaluate a claim under the PHRA is effectively indistinguishable from that under Title VII. See Jones v. Sch. Dist. of Philadelphia, 198 F.3d 403, 409 (3d Cir. 1999).

35. Because Plaintiff is able to state a viable claim of sex-based discrimination under Title VII, so too will she be able under the PHRA.

36. Plaintiff is a member of a protected class because she is female.

37. Plaintiff was qualified for her role with Defendant because she was able to, and, in fact, did, perform the essential functions of his job.

38. Plaintiff suffered an adverse employment action in the form of termination on September 8, 2021, following a situation where she was denied suitable work.

39. This incident also follows a long period of disparate treatment of Plaintiff.

40. The foregoing misconduct by defendant was undertaken with malice and/or reckless indifference to Plaintiff's rights protected under federal law to be free from discrimination.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff hereby requests that this honorable Court enter judgement in her favor, and against the Defendant, and award all damages available at law and in equity, including:

a. economic damages for back and front wages;

b. compensatory damages for emotional distress;

c. punitive damages and deemed appropriate by the court;

d. reasonable attorney fees as determined by fee petition;

e. pre-judgement and continuing interest;

f. court costs;

g. and any other such relief as the Court may deem just and proper.

Respectfully Submitted,

/s/ David M. Manes
David M. Manes, Esq.
PA ID: 314661
**Manes & Narahari LLC**
One Oxford Centre
301 Grant Street, Suite 270
Pittsburgh, PA 15219
(412) 626-5571 Direct
(412) 650-4845 Fax
dm@manesnarahari.com

## **VERIFICATION**

I, Trista Beary, swear under penalty of perjury under the laws of the United States of America that the facts alleged in the foregoing Complaint are true and correct to the best of my knowledge.

12/10/2022                                                                                               *Trista Beary*
_____                                                                          _____
Date                                                                                                                   Trista Beary